UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WIRELESS RECOGNITION TECH.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A9.COM INC., et al.,<br><br>　　　　Defendants. | Case Nos.: 5:12-CV-01217-EJD; 5:12-CV-01218-EJD; 5:12-CV-01218-EJD; 5:12-CV-01220-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING REEXAMINATION** |
| WIRELESS RECOGNITION TECH.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NOKIA CORPORATION,<br><br>　　　　Defendant. | |
| WIRELESS RECOGNITION TECH.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A9.COM INC., et al.,<br><br>　　　　Defendants. | |
| WIRELESS RECOGNITION TECH.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NOKIA CORPORATION,<br><br>　　　　Defendant. | |

1
Case Nos.: 5:12-CV-01217-EJD, 5:12-CV-01218-EJD, 5:12-CV-01219-EJD, 5:12-CV-01220-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING REEXAMINATION

Presently before the court is Defendants' Motion to Stay Pending Reexamination of a patent-in-suit. For the reasons set forth below, the motion is GRANTED and the case is STAYED.

## I. BACKGROUND

On September 14, 2010, Plaintiff Wireless Recognition Technologies ("WRT") filed suits against Defendants A9.com, Amazon.com, Google Inc., Nokia Inc., Nokia Corp., and Ricoh Innovations, Inc., and Ricoh Company, Ltd. for infringement of its '287 patent in the Eastern District of Texas. Later, on December 21, 2010 WRT filed suits against the same defendants alleging infringement of the '474 patent. Since that time, WRT has dismissed all of its claims against Ricoh. On February 22, 2012, the suits were transferred to this district.

On February 2, 2011, MicroStrategy, Inc., a third party, filed for an *inter partes* reexamination of the '474 patent. The United States Patent and Trademark Office ("PTO") undertook the reexamination and issued a final rejection, holding that all claims of the '474 patent were invalid due to obviousness. WRT appealed the final rejection to the Board of Patent Appeals and Interferences ("BPAI"), and the appeal is still pending. Defendants seek a stay of this action pending the final exhaustion of the '474 reexamination.

## II. LEGAL STANDARDS

"Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art" consisting of patents or printed publications. 35 U.S.C. § 302 (amended 2011). "The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." Patlex Corp. v. Mossinghoff, 758 F.2d 594, 606, aff'd on reh 'g, 771 F.2d 480 (Fed.Cir.1985). "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." Canady v. Erbe Elektromedizin GmBH and Erbe U.S.A., 271 F.Supp.2d 64, 78 (citation omitted).

A stay is within the discretion of the court. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). A court may grant a motion to stay "in order to avoid inconsistent results, narrow the issues, obtain

guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." MercExchange, L.L.C. v. eBay, Inc., 500 F.Supp.2d 556, 563 (E.D. Va. 2007). In this district, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings," (ASCII Corp. v. STD Entm't USA, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994)), though some courts have begun to rethink that policy in recent years (see, e.g., Network Appliance Inc. v. Sun Microsystems Inc., No. 07-CV-06053, 2008 WL 2168917 at *3 (N.D.Cal. May 23, 2008)).

Courts consider three main factors in determining whether to stay a case pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006) (citation omitted).

**III. DISCUSSION**

**a. STAGE OF PROCEEDINGS**

The early stage of a litigation weighs in favor of a stay pending reexamination. See Target Therapeutics, Inc. v. SciMed Life Sys. Inc., 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995). The parties in this case have exchanged infringement contentions and invalidity contentions. They have also engaged in a limited document production. However, those limited exchanges constitute the entire universe of discovery that has occurred in this case. No depositions have been noticed, nor have interrogatories or requests for admission been served. The parties have not exchanged proposed claim construction terms or filed any dispositive motions, and no trial date has been set.

WRT asserts that this case has been pending for nearly two years, and has only failed to progress because of the transfer from the Eastern District of Texas to the Northern District of California, and the differences between the two districts' rules. The court notes that an extended period of time has passed since the filing of these lawsuits. However, this element of the stay analysis focuses on the stage of litigation proceedings, not the length of time that has passed since the filing of the case. See Convergence Tech. (USA), LLC v. Microloops Corp., No. 5:10-CV-

3

02051, 2012 WL 1232187 at *4 (N.D. Cal. April 12, 2012) (finding that a case that was over two years old had not reached the "point of no return" because, though discovery was ongoing, the court had not yet heard claim construction and no trial date had been set). Given that these actions have not progressed beyond the infancy stage of litigation, the court finds that this factor weighs heavily in favor of a stay.

### b. SIMPLIFICATION OF ISSUES

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." Target Therapeutics, 33 U.S.P.Q.2d at 2023. The PTO has already issued a final rejection of all claims in the '474 patent. If the appeals process affirms the PTO, all infringement and invalidity issues in this case regarding the '474 patent will be moot. Considering that the PTO has already issued a final rejection, there is a significant likelihood that the appeal will also result in the invalidation of some or all of the claims. See, e.g. USPTO, FY 2011 CUMULATIVE DISPOSITIONS, *available at http://www.uspto.gov/ip/boards/bpai/stats/receipts/fy2011_sep_e.jsp* (showing that in 2011, 61.6% of ex parte appeals were affirmed or affirmed-in-part). Such likelihood weighs in favor of a stay. See MercExchange, L.L.C. v. eBay, Inc., 500 F.Supp.2d at 563 (favoring a stay when the evidence shows a likelihood that the patents-in-suit will not survive reexamination). Conversely, if the appeal results in a revival of some or all of the '474 patent claims, a stay would still be beneficial because the PTO's findings would streamline issues before this court.

It is true that the '287 patent would remain at issue in the event of a final finding of invalidity on the '474 patent. Defendants assert that claim 14 of the '474 patent overlaps with claim 1 of the '287 patent. WRT admits that the claims have a certain overlap, but argues that the overlap has no import since the claims describe different inventions. However, the PTO has already determined that these claims are not patentably distinct. Given this overlap, the '287 patent issues also stand to be simplified by the final exhaustion of reexamination procedures.

WRT also argues that a stay pending final exhaustion of reexamination procedures would be inappropriate, because MicroStrategy, not Defendants, initiated the *inter partes* reexamination.

Because Defendants are not a party to the reexamination, they would not be estopped from raising in this action the same invalidity arguments covered by the reexamination. 35 U.S.C. § 315(c). However, if the appeal process results in partial or total invalidation of the '474 patent's claims, some or all of the '474 patent issues in this case will be moot, regardless of whether Defendants were parties to the reexamination.

The court finds that the likelihood of the reexamination resulting in an invalidation of some or all the '474 claims, or the guidance the court would receive from the PTO in the event that some or all of the claims are revived, weigh in favor of a stay.

### c. UNDUE PREJUDICE

The third factor a court must consider is whether the non-moving party will suffer undue prejudice as a result of a stay. See In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005). The delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice. Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006). WRT urges the court to consider instead Defendants' alleged "dilatory tactics," pointing to the facts that Defendants waited nearly one year from the date they knew of the '474 reexamination proceedings and ten weeks after these cases were assigned to this court to file their motion to stay.

WRT cites two cases – Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc. and Affinity Labs of Texas v. Apple Inc.-- to support its argument that this court should consider Defendants' allegedly "dilatory tactics." Both of these cases contain key factual distinctions from the matter before this court. In Avago Technologies this court denied a motion to stay pending reexamination because the defendants waited eight months to file their reexamination request, after significant discovery and claim construction work had been completed. No. 10-CV-02836, 2011 WL 3267768 (N.D. Cal. July 28, 2011). In Affinity Labs Apple waited eight months from the initiation of the lawsuit, and three months after the case was transferred to the Northern District of California to file its request for reexamination. No. 09-04436 CW, 2010 WL 1753206, at *2 (N.D. Cal. 2010). Once the request was granted, Apple waited another seven weeks to file the motion to

1  stay. Id. At the time Apple requested the stay, the request for reexamination had been granted, but
2  the PTO had not issued any decision. Id. at *1.
3        Unlike in Avago and Affinity Labs, in this case a third party, not Defendants, filed the *inter*
4  *partes* reexamination request. Defendants here took a "wait and see" approach, and only requested
5  a stay after the PTO issued its final rejection of the '474 patent claims. Defendants assert that their
6  delay was prudential, not dilatory, because rather than requesting a stay at the outset of
7  reexamination when the parties had no insight into the likelihood the PTO would find the patent
8  invalid, they waited until after the PTO issued its final rejection, which created a strong likelihood
9  that the '474 patent will ultimately be found invalid. The court finds that because Defendants did
10 not request a reexamination in a late stage of litigation, and because Defendants filed a request for
11 a stay only after a likelihood that the '474 patent would be found invalid, Defendants' actions were
12 reasonable and not dilatory.
13       WRT also argues that it will suffer prejudice by a stay because it has already served its
14 infringement contentions on the Defendants, and the stay would allow Defendants additional time
15 to design around the claims of the patents-in-suit. This hypothetical outcome does not constitute
16 undue prejudice. The court finds that the undue prejudice factor weighs in favor of a stay.
17       **d.  Equitable Factors**
18       Finally, WRT argues that the court should consider two equitable factors in determining
19 whether to grant a stay. The first equitable factor, that Defendants did not initiate the *inter partes*
20 reexamination, has already been fully addressed in the foregoing sections. The second equitable
21 factor concerns a statement Defendants made to the court in the Eastern District of Texas, in which
22 Defendants agreed to negotiate a joint schedule for these cases, notwithstanding the pending
23 reexamination proceedings. WRT argues that Defendants' true intention in making this statement
24 was not to cooperate but to "take a look at WRT's Infringement Contentions, impose additional
25 costs and burdens upon WRT, and then attempt to yank the rug out under its feet once the case got
26 transferred to the Northern District of California on the basis of case law that is more favorable to
27 its position." Defendants counter that this agreement took place early in the reexamination
28 proceedings, and once the PTO issued its final rejection of the claims, they re-evaluated their

position. Without evidence that Defendants made their statement to the court in bad faith, this court finds that no equitable factors exist sufficient to defeat a stay.

**IV.     CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion for a stay of this case. This action is STAYED in its entirety pending final exhaustion of the patent reexamination proceedings, including any appeals.[1]

The Clerk shall ADMINISTRATIVELY CLOSE this matter.

The parties shall submit a joint status report apprising the court of the status of the reexamination proceedings on March 11, 2013, and every six months thereafter.

The parties shall provide notice to the court within one week of final exhaustion of all patent reexamination proceedings, including appeals. In their notice, parties shall request that this matter be reopened, and that a case management conference be scheduled.

IT IS SO ORDERED.

Dated: September 11, 2012

_____
EDWARD J. DAVILA
United States District Judge

---

[1] This order does not preclude any party from moving to reopen this action.